**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JOHN J. EVANS, as Personal Representative of the Estate of Dorothy Lorene Evans, Deceased, | ) ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11-CV-802-JED-FHM |
| | ) |
| GENERAL ELECTRIC COMPANY and DAEWOO ELECTRONICS AMERICA, INC.,  and BEST BUY STORES, L.P. and BBC PROPERTY CO. | ) ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE
REGARDING INFLAMMATORY PHOTOGRAPHS**

The Plaintiff, John J. Evans, as Personal Representative of the Estate of Dorothy Lorene Evans, deceased, respectfully submits the following Response to the Defendant's Motion in Limine Regarding "Inflammatory Photographs." As is discussed below, the subject photographs are relevant to the disputed issues in this case and to the amount of damages recoverable for Ms. Evans's pain and suffering and to her surviving children's grief. Admitting the photographs into evidence would not cause unfair prejudice to the Defendant.

**INTRODUCTION**

The Plaintiff asserts a claim for the wrongful death of Dorothy Evans in a fire that occurred at her home. The Plaintiff contends that Ms. Evans died as a result of direct burns from the fire instead of smoke inhalation injuries. The Defendant denies that Ms. Evans died as a result of direct burns.

The Defendant's motion to exclude photographs of Ms. Evans's burned body should be

denied.  The photographs are relevant to show that Ms. Evans died in a fetal position, which supports the Plaintiff's position that she died as result of direct burns.  The photographs are also relevant to the damages recoverable for Ms. Evans's pain and suffering and her surviving children's grief, which are elements of damage under Oklahoma's wrongful death statute.  Finally, the photographs are relevant to show the general circumstances of the fire and the location of Ms. Evans's body in the home.  The mere fact that the photographs are unpleasant to view does not create unfair prejudice that justifies their exclusion.

## ARGUMENTS AND AUTHORITIES

The United States Court of Appeals for the Tenth Circuit addressed the admissibility of allegedly gruesome photographs in *United States v. Naranjo*, 710 F.2d 1465 (10th Cir. 1983), which was a murder prosecution.  The defendant appealed the conviction against him, arguing that the trial court abused its discretion by admitting a photograph of the victim's body as it appeared when the investigators first appeared on the scene.  The photograph was used by the pathologist to identify the deceased and the cause of death.  Id. at 1468.

The Court recognized that, pursuant to Fed.R.Civ.P. 401-402, the photographs must first be relevant to some issue in the case.  *Id.* at 1469.  Even if they are relevant, they may still be excluded pursuant to Fed.R.Civ.P. 403 if the probative value is substantially outweighed by unfair prejudice.  *Id.*  The Court cautioned, however, that "alleged gruesomeness alone does not make photographs inadmissible."  *Id.*  The Court warned that  photographs must not be excluded lightly, stating:

> Relevant evidence is inherently prejudicial; but it is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion of relevant matter under Rule 403.  Unless trials are to be concluded on scenarios, on unreal facts tailored an sanitized for the occasion, the application of Rule 403 must be cautious and sparing.  Its major function is limited to excluding matter of scant or

> cumulative probative force, dragged in by the heels for the sake of its prejudicial effect. As to such, <u>Rule 403</u> is meant to relax the iron rule of relevance, to permit the trial judge to preserve the fairness of the proceedings by exclusion despite its relevance. It is not designed to permit the court to 'even out' the weight of the evidence, to mitigate a crime, or to make a contest where there is little or none. Here was no parade of horrors. We reuse to interfere with the trial court's exercise of discretion.

*Id.* The court's role is to exclude irrelevant and unfairly prejudicial evidence, not to "sanitize" the trial by hiding disturbing evidence from the jury. By definition, disturbing evidence is typically involved in a wrongful death case. The Court's decision regarding the admission of photographs will not be overturned absent an abuse of discretion. *Id.*

In concluding that the photograph was relevant and not unfairly prejudicial, the *Naranjo* court acknowledged that the photograph depicted the victim's wounds and "the surroundings of the scene of the crime." *Id.* at 1468. The Court also concluded that the photograph "was not unduly nor designedly inflammatory." *Id.* Finally, the Court explained that any risk of improper prejudice was lessened because the jury was instructed that prejudice must not influence its verdict. *Id.*

The Tenth Circuit Court of Appeals has continued to follow that basic approach in a variety of contexts. *See United States v. Sides*, 944 F.2d 1554, 1563 (10th Cir. 1991)(holding that the trial court did not abuse its discretion by admitting photographs of a murder victim because the photographs were probative evidence of the victim's injuries and the crime scene and were not unduly inflammatory); *United States v. Soundingsides*, 820 F.2d 1232, 1243 (10th Cir. 1987)(upholding the admission of gruesome photographs because they were relevant to a pathologist's testimony regarding extent of injuries and cause of death); *United States v. Treas-Wilson*, 3 F.3d 1406, 1410 (10th Cir. 1993)(upholding the trial court's admission of autopsy and crime scene photographs which were relevant and not unfairly prejudicial, and where the trial court

3

had cautioned the jury to review the photographs dispassionately).

Courts also typically allow the admission of gruesome photographs in civil wrongful death actions. *See Olympia Spa v. Johnson*, 547 So.2d 80, 83 (Ala. 1989)(in a wrongful death action for the death of the plaintiff's wife due to burns from a sauna, upholding the admission of photographs which showed the location and severity of the death-causing burns); *Taylor v. Michigan Power Company*, 206 N.W.2d 815, 817-818 (Mich. Ct. App. 1973)(holding that gruesome photographs of the decedent were admissible to prove whether or not there had been conscious pain and suffering prior to death); *Georgia Osteopathic Hospital, Inc. v. O'Neal*, 403 S.E.2d 235, 245 (Ga. Ct. App. 1991)("The photographs at issue obviously had some relevance to the wrongful death aspect of the case in that they showed how the decedent had died. Although they might be characterized as somewhat gruesome, we finding nothing about them, which, under the circumstances of this case, could reasonably be characterized as prejudicial or inflammatory."); *Nigreville v. Federated Rural Electric Ins. Co.*, 642 So.2d 216, 222 (La. Ct. App. 1994)(in a wrongful death action, holding that "[t]he photographs to which defendants objected are not so gruesome or offensive as to rise to the level of 'inflaming' the jury. Moreover, they are probative of decedent's position when he threw the chain, the results of the force of the electrical shock and the allegations that the decedent was killed instantly."); *Bullard .v Barnes*, 468 N.E.2d 1228, 1235 (Ill. 1984)("If a photograph of a decedent has sufficient probative value it should be admitted in spite of the fact that it may be gruesome or inflammatory, and such a decision normally rests with the discretion of the trial court. . . . We cannot say the trial judge abused his discretion in ruling that the photographs here at issue were not so inflammatory or gruesome as to outweigh their probative value in assisting the jury's determination of the extent of decedent's pain and suffering."); *Drews v. Gobel Freight Lines, Inc.*,

4

578 N.E.2d 970, 978 (Ill. 1991)(holding that gruesome photographs of wrongful death victim were admissible to support a pain and suffering claim); *Robinson v. Morrison*, 133 So.2d 230, 235 (Ala. 1961)(in wrongful death action, holding that gruesome photographs of the decedent were relevant and admissible); *Hanlon v. Airco Industrial Gases*, 579 N.E.2d 1136, 1142 (Ill. Ct. App. 1991)(in a wrongful death action arising from a construction site accident, upholding the admission of gruesome photographs of the construction site and the decedent's body).

As in the foregoing cases, the photographs of Ms. Evans's body are relevant and admissible. The photographs show the general circumstances of the fire and the location and condition of Ms. Evans's body.  They support the Plaintiff's position that Ms. Evans died as a result of direct burns to her body.  This evidence is directly relevant to Ms. Evans's mental pain and anguish, which is an element of damages in a wrongful death case pursuant to 12 O.S. § 1053(B).  Evidence regarding the manner of Ms. Evans's death also is relevant to the grief suffered by Ms. Evans's children, who are aware of the circumstances regarding Ms. Evans's death and the condition of her body.  The grief suffered by Ms. Evans's children is a recoverable item of damage pursuant to 12 O.S. § 1053(B).

The probative value of the photographs is not substantially outweighed by the alleged prejudicial effect of the photographs.  The Tenth Circuit has made is very clear that mere gruesomeness alone does not justify the exclusion of the photographs.  Moreover, the jury will be instructed that its decision must be based upon the evidence, not passion.

The Defendant relies upon two unpublished decisions which hold that a trial court did not abuse its discretion by refusing to admit gruesome photographs.  In *Iwanski v. Ray*, 2002 WL 1858817 (10th Cir. 2002), the Court upheld the trial court's refusal to admit gruesome photographs of the victim, who had been beaten with a steel pipe.  There were no disputes regarding the cause

5

or circumstances of the victim's death.  The *Iwanski* court held that the trial court did not commit a "manifest error in judgment indicative of an abuse of discretion" by refusing to admit the photos. That case hardly suggests that it would be an error for this Court to exclude the photos of Ms. Evans's body, given their specific relevance here.

The Defendant also cites to  Long v. TRW Vehicle Safety Systems, Inc., 2011 U.S. Dist. LEXIS 19111 (D. Ariz. October 14, 2011), where the court held that photographs were not relevant to any liability issue, and that there was no dispute that the plaintiff's decedent died as a result of the accident.  Apparently, there was no allegation that the decedent had conscious pain and suffering. The trial court acknowledged that its ruling was only advisory and that  the plaintiff could raise the issue at trial.

The unpublished legal authorities cited by the Defendant are inapposite.  To the extent they can even be construed to support the Defendant's position, they are contrary to the overwhelming weight of authority and Tenth Circuit precedent discussed above.

## <u>CONCLUSION</u>

WHEREFORE, premises considered, Plaintiff John J. Evans, as Personal Representative of the Estate of Dorothy Lorene Evans, deceased, respectfully requests that this Court deny the Defendant's Motion in Limine Regarding "Inflammatory Photographs."

Respectfully submitted,

TAYLOR, RYAN, MINTON, VAN DALSEM & WILLIAMS, P.C.

By  s/  ROBERT  SCOTT  WILLIAMS
   ROBERT SCOTT WILLIAMS-OBA #19974
   850 Boulder Towers
   1437 South Boulder Avenue
   Tulsa, Oklahoma 74119-3640
   (918) 749.5566 Telephone
   (918) 749.9531 Facsimile

## CERTIFICATE OF SERVICE

I, ROBERT SCOTT WILLIAMS, hereby certify that on the 23rd day of April, 2014, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

John H. Tucker
Randall E. Long
Kerry R. Lewis
100 W. 5th St.
Suite 400
Tulsa, OK 74103
*Attorneys for General Electric*
*and Daewoo Electronics*

s/ROBERT SCOTT WILLIAMS
ROBERT SCOTT WILLIAMS