**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

JOHN J. EVANS, as Personal )
Representative of the Estate of )
Dorothy Lorene Evans, Deceased, )
                         )
     Plaintiff, )
                         )
vs. )  Case No. 11-CV-802-JED-FHM
                         )
GENERAL ELECTRIC COMPANY and )
DAEWOO ELECTRONICS AMERICA, )
INC.,   and BEST BUY STORES, L.P. and )
BBC PROPERTY CO. )
                         )
     Defendants. )

**PLAINTIFF'S RESPONSE TO THE DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

The Plaintiff, John Evans, as the Personal Representative of the Estate of Dorothy Lorene Evans, Deceased, respectfully submits this response to the Defendant's Motion for Summary Judgment.

**STATEMENT OF MATERIAL FACTS PRECLUDING
ENTRY OF SUMMARY JUDGMENT**

In accordance with Fed.R.Civ.Proc. 56, the Plaintiff identifies the following facts that preclude the entry of summary judgment in favor of G.E.:

1.      On December 17, 2010, Dorothy Evans was killed by a fire that occurred at her home ("the Fire").  (Report of Investigation by Medical Examiner, Exhibit "1").

2.      The Fire started in the kitchen of Ms. Evans' house, inside a microwave oven that had been sold by the Defendant.  (Expert Report of Randel Overton, Exhibit "2"; Expert Report of Dr. David Lilley, Exhibit "3"; Durham Deposition, Exhibit "4", pp. 78, 82).

3.      The Fire started due to a high-resistance fault in a wire that was located inside the microwave, which led to arcing and heat that ignited the microwave.  (Expert Report of Dr. Marcus Durham, Exhibit "5").

4.      The high-resistance fault occurred due to a manufacturing defect relating to incorrect installation of the wire that experienced the fault. (Durham Depo., Exhibit "4", pp. 144-145, 157-

158, 160-163, 169-172,  209; Expert Report of Dr. Marcus Durham, Exhibit "5").

5.      Darrell Williams, G.E.'s corporate representative and who oversees G.E.'s process of introducing new microwave products, agrees that the microwave experienced an electrical fault at the same location that Dr. Durham says the electrical fault occurred.  (Darrell Williams Deposition, Exhibit "6", pp. 54, 100).

## ARGUMENTS AND AUTHORITIES

A.    **G.E.'s Motion For Summary Judgment Should Be Denied Because It Entirely Rests Upon An Incorrect Assertion That Dr. Marcus Durham's Expert Opinion Testimony Should Be Excluded Pursuant To *Daubert*.**

The crux of G.E.'s summary judgment motion is that: (a) the Plaintiff relies upon the testimony of Dr. Marcus Durham to prove that the microwave was defective; and (b) G.E. urges the Court to exclude Dr. Durham's opinions under Fed.R.Evid. 702 and *Daubert*.   The Plaintiff is contemporaneously filing a Response to G.E.'s motion to exclude Dr. Durham's testimony.  The Plaintiff incorporates by reference that Brief and all of its exhibits in response to the Motion for Summary Judgment.  As is explained, Dr. Durham's opinions are admissible, and his testimony provides evidence from which a jury could find that a manufacturing defect in the subject microwave caused Mr. Evans to be killed by the fire.  This case should be submitted to a jury.

B.    **The Opinions Of The Expert Witnesses Provide Evidence Upon Which A Jury May Hold G.E. Responsible For Selling A Defective Product That Killed Ms. Evans.**

The Plaintiff must prove that the subject microwave was defective and caused the fire that led to Ms. Evans' death.  *Kirkland v. General Motors Corp.*, 1974 OK 52, 521 P.2d 1353, 1363. However, Oklahoma law does not require the Plaintiff to prove the specific defect which caused the injury. *Dutsch v. Sea Ray Boats, Inc.*, 1992 OK 155, 845 P.2d 187, 189-90; OUJI 12.1. Moreover, circumstantial evidence may be used to support the probability of a defect, and "it is not necessary that such proof rise to such degree of certainty as to support only one reasonable conclusion and exclude all others." *Kirkland,* 521 P.2d at 1364 (quoting *Chickasha Cotton Oil Co. v. Hancock*, 1957 OK 12, 306 P.2d 330).

Circumstantial evidence in the form of an expert's opinion is also sufficient to prove a claim

for products liability. *Orth v. Emerson Elec. Co., White-Rodgers Div.*, 980 F.2d 632, 636 (10th Cir. 1992). Oklahoma courts have recognized that at times it may be impossible to pinpoint a precise cause of a fire due to the destruction of the defective product itself, so an expert may have to rely on observations, burn patterns, or circumstantial evidence to reach his or her conclusion. For example, *Tigert v. Admiral Corp.*, 1979 OK CIV APP 41, 612 P.2d 1381, involved a television set that burned the plaintiff's home. The television set was purchased new and was unmodified at the time of the fire. Very little was left of the television after the fire, so the plaintiff's expert had to rely on his skill and expertise in fire investigations, including burn patterns, to determine that the television set caused the fire, after ruling out other possible causes of the fire. In *Tigert*, the trial court granted summary judgment in favor of the defendant manufacturer because plaintiff's expert could not identify the specific component that failed.

The Oklahoma Court of Appeals overturned the trial court's ruling noting that at times an expert will be unable to determine a precise cause of the loss, and that circumstantial evidence and probable theories may properly be relied upon to decide the case. As the court in *Tigert* highlighted via the out-of-state cases that it cited, defect free products normally do not cause fire. Due to the damage caused by fires, identifying the exact component failure can be difficult or impossible.

Tenth Circuit cases are in accord. In *McCoy v. Whirlpool Corp.,* 287 Fed. Appx. 669 (10th Cir. 2008), the court applied Kansas product liability law, which is essentially the same as Oklahoma's, to a case that arose out of a fire that was caused by a dishwasher. The plaintiffs presented an expert who testified that the fire was electrical, had started in the dishwasher's door latch assembly, and had further testified about potential mechanism that could have generated the heat that ignited the fire. *Id.* at 673. The Tenth Circuit reversed the trial court's post-trial decision to exclude the expert's testimony as being an abuse of discretion. *Id.* at 675-676. The Tenth Circuit likewise reversed the trial court's decision granting judgment as a matter of law to Whirpool. *Id.* at 677-680. The *McCoy* court stressed that it was sufficient for the plaintiff to present reliable expert testimony that the fire was caused by a manufacturing defect and that the law did not require "that

3

the manufacturing defect be specified" any more than explaining its basic nature.   *Id.* at 679.

Common sense dictates that microwaves that are free from defects will not spontaneously combust from electrical faults. Here, Dr. Durham provides clear and reliable opinion testimony that a manufacturing defect caused the insulation on a wire to lose effectiveness, which led to a high-resistance fault, and that sparked a fire.  He can identify exactly what failed in the microwave.  He can identify the exact location where a high-resistance fault occurred.  That sort of fault would not occur in the middle of a wire without there being a manufacturing defect in the microwave.  As in the *McCoy* case, the liability issue in this case should be presented to a jury.

## CONCLUSION

For the foregoing reasons, the Court should deny G.E.'s Motion for Summary Judgment.

Respectfully submitted,

TAYLOR, RYAN, MINTON, VAN DALSEM,
 & WILLIAMS, P.C.


By   s/Robert Scott Williams
 ROBERT TAYLOR - OBA #8879
 NEIL D. VAN DALSEM - OBA #16326
 ROBERT SCOTT WILLIAMS - OBA #19974
 Suite 850 Boulder Towers
 1437 S. Boulder Ave.
 Tulsa, OK  74119-3640
 (918) 749-5566

## CERTIFICATE OF MAILING

I, ROBERT SCOTT WILLIAMS, hereby certify that on the __23rd__ day of April, 2014, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

John H. Tucker
Randall E. Long
Kerry R. Lewis
100 West 5th Street
Suite 400
Tulsa, OK 74103
Attorneys for General Electric
and Daewoo Electronics

s/Robert Scott Williams
ROBERT SCOTT WILLIAMS

blc                                      5