IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN J. EVANS, as Personal Representative of the Estate of Dorothy Lorene Evans, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No.: 4:11-cv-00802-JED-FHM |
| GENERAL ELECTRIC COMPANY, DAEWOO ELECTRONICS AMERICA, INC., BEST BUY STORES, LP, and BCC PROPERTY CO., | ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT GENERAL ELECTRIC COMPANY'S
RESPONSE TO PLAINTIFF'S MOTION IN LIMINE
REGARDING FIRE MARSHAL TERRY FERREL**

Defendant, General Electric Company ("GE"), submits the following Response to Plaintiff's Motion in Limine regarding Fire Marshal, Terry Ferrel. [Dkt. 123.]

### INTRODUCTION

Plaintiff asks this Court to exclude the testimony of Terry Ferrel, the State Fire Marshal who investigated the fire at Mrs. Evans' home, based on two criticisms: (1) he found that the cause of the fire was "undetermined," and (2) he may testify about potential sources of ignition other than the GE-branded microwave oven ("MWO"). [Dkt. 123.] Plaintiff takes the unique position that this testimony would violate NFPA 921, and is therefore unreliable under *Daubert v. Merrell Dow Pharms, Inc.*, 509 U.S. 579 (1993) and Federal Rule of Evidence 702. [Dkt. 123.]

Ferrel's testimony and opinions are sufficiently reliable. First, Plaintiff misuses

*Daubert* to attack Ferrel's conclusions, *i.e.,* that the cause was "undetermined" and that other potential ignition sources cannot be ruled out. The focus of *Daubert* is the reliability of Ferrel's methodology – not his conclusions. Second, Plaintiff's argument that Ferrel's investigation violated Section 18.6.5 of NFPA 921 is simply inaccurate.[1] An "undetermined" cause is well recognized as a legitimate result of a fire investigation by NFPA 921 in the circumstances of this case. Similarly, Ferrel's testimony that he could not eliminate potential sources of ignition other than the MWO is an explicit step that is actually required by NFPA 921. Plaintiff's Motion in Limine regarding Terry Ferrel should therefore be denied. [Dkt. 123.]

## ARGUMENT AND AUTHORITIES

I. **AS AN AGENT OF THE STATE FIRE MARSHAL, FERREL IS AUTHORIZED BY THE STATE OF OKLAHOMA TO INVESTIGATE THE FIRE AND TESTIFY AS AN INDEPENDENT EXPERT WITNESS IN THIS LAWSUIT.**

Plaintiff incorrectly implies that GE has named Ferrel as an expert fire investigator in this lawsuit. GE has not named Ferrel as an expert, and both parties have identified Ferrel as a fact witness. [*See*, Exhibit 2 - Plaintiff's Preliminary Witness & Exhibit List; Exhibit 3 - GE's Preliminary Witness & Exhibit List.] The Oklahoma State Fire Marshal's Office is required to investigate and report on every fire that takes place in Oklahoma. OKLA. STAT. tit. 74, § 314. More than 2,000 fires are investigated each year by agents of the Oklahoma State Fire Marshal's Office. [*See, e.g.*, Exhibit 4 - Okla. Fire Marshal's Office, en.wikipoedia.org/wiki/Office_of_the_Oklahoma_State_Fire_Marshal.] The Oklahoma State

---

[1] National Fire Prevention Association's Guide for Fire and Explosion Investigations 921. NFPA 921 was "designed to produce a systematic, working framework or outline by which effective fire and explosion investigation and origin and cause analysis can be accomplished." NFPA 921, § 1.3. The sections of NFPA 921 cited in this Response are attached as Exhibit 1.

Fire Marshal Commission sets the duties, qualifications and reporting requirements of its fire investigators. [*Id*.] Ferrel, as an agent of the Fire Investigation Division of the Oklahoma State Fire Marshal, is assigned the responsibility for investigating the loss of life and property from fire, including the fire at Mrs. Evans' home. OKLA. STAT. tit. 74, § 314. Among other skills, a Fire Marshal agent is expected to present court testimony. [*See* Exh. 5 - Okla. State Fire Marshal Law Enforcement Agent I, Job Specifications.] State Fire Marshals frequently present testimony in criminal and civil litigation. [*See, e.g.*, Exh. 6 - Examples of Fire Marshal Testimony.]

Ferrel's investigation of the fire at Mrs. Evans' home and his finding that the cause of the fire was "undetermined" is well within his statutory authority as a State mandated investigator. Plaintiff's attempt to strike Ferrel's testimony is based on misleading characterizations of Fire Marshal Ferrel's findings and report. As shown below, Plaintiff's criticisms of Ferrel's conclusions do not meet the burden of proof required by FRE 702 and *Daubert*. Plaintiff's Motion should therefore be denied.

II. **PLAINTIFF CANNOT USE *DAUBERT* TO ATTACK FERREL'S CONCLUSIONS.**

Plaintiff, under the guise of *Daubert*, primarily focuses on his disagreements with Ferrel's findings and testimony and not on Ferrel's methodology. Plaintiff misstates the standards and purpose of *Daubert* and Rule 702. "[A] trial court's focus generally should not be upon the precise conclusions reached by the expert, but on the methodology employed in reaching those conclusions." *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1232 (10th Cir. 2004) (citing *Daubert*, 509 U.S. at 595). "Even though the court may delve deeply into the minutiae of the proposed expert's opinions while conducting the Daubert analysis, the court must always remain mindful that its focus '**must be solely on principals and**

***methodology, not on the conclusions they generate***,' . . . except that a Daubert challenge may succeed if the court 'conclude[s] that there is simply too great an analytical gap between the data and the opinion proffered.'" *In re Williams' Sec. Litig.*, 496 F. Supp. 1195, 1230 (N.D. Okla. July 6, 2007) (citing *Daubert*, supra, 509 U.S. at 595 and *General Electric Co. v. Joiner*, 522 U.S. 136, 146, 118 S. Ct. 512, 139 L. Ed. 2d 508 (1997)) (emphasis added).

As with Plaintiff's other Motions purportedly based on *Daubert*, it is clear that the basis of this motion is that Plaintiff does not agree with Ferrel that the cause of the fire should be classified as "undetermined" or that there were other potential sources of ignition that could not be eliminated. Such disagreements are not proper bases to strike Ferrel's testimony under *Daubert*. To prevail, Plaintiff must show that Ferrel's methodology was unreliable or that there was "too great an analytical gap" between Ferrel's conclusions and the data. Plaintiff has shown neither, and as shown below, the two alleged deficiencies in Ferrel's investigation are investigation conclusions actually mandated by NFPA 921.

### III.   FIRE MARSHAL FERREL'S OPINION THAT THE CAUSE OF THE FIRE WAS "UNDETERMINED" IS REQUIRED UNDER THE CIRCUMSTANCES OF THIS FIRE.

Plaintiff argues that Ferrel should not be permitted to testify that (1) the conclusion of the State's official investigation was that the cause of the fire at Mrs. Evans' home is "undetermined" that there were a number of potential ignition sources that could not be ruled out. [Dkt. 123, at 7.] Plaintiff supports this argument by citing to the negative corpus rule of § 18.6.5, which does not apply to this fire investigation. Plaintiff's Motion should be denied. [Dkt. 123.]

Ferrel is not obligated by NFPA 921 to opine on the precise cause of the fire. In fact,

4

under the circumstances of this fire, NFPA requires Ferrel to find the cause to be "undetermined." NFPA 921 states that the cause of a fire may be "undetermined" if either ***all*** potential sources of origin are eliminated, see § 18.6.5.1, or if some of the potential sources cannot be eliminated. [Exh. 1 - NFPA 921, § 18.7.4.] "If the level of certainty of the opinion is only 'possible' or 'suspected,' the fire cause is unresolved and should be classified as 'undetermined.'" [*Id*.] Section 19.2.1.4 recognizes that an investigator may classify the cause of a fire as "undetermined" "[w]henever the cause cannot be proven to an acceptable level of certainty." [Exh. 1 - NFPA 921, 19.2.1.4.] *See also* John D. DeHaan, Ph.D., KIRK'S FIRE INVESTIGATION at 557 (5th ed. 2002) (which states "[i]f the [expert] cannot exclude all alternatives based on available data he or she will have to report the fire as undetermined possibly explaining what the various unexcluded possibilities are."). There were potential sources of origin of the fire which Ferrel could not eliminate. For example, he testified that he "could not rule out" that the fire started in the love seat from a cigarette. [*See* Exh. 7 - Ferrel depo. at 20:20 - 21:23.] Indeed, Ferrel testified that it's not unusual that a fire investigation would result in a finding of "undetermined." [*Id*. at 22:5-13.]

**IV.   CONSIDERATION AND ELIMINATION OF POTENTIAL IGNITION SOURCES ARE STEPS WHICH ARE REQUIRED BY NFPA 921.**

Plaintiff further argues that Ferrel should not be permitted to testify that there were a number of potential ignition sources that could not be ruled out. Plaintiff's contention that Ferrel cannot testify as to other potential sources of ignition violates NFPA 921. NFPA 921 devotes an entire chapter to the issues and recognized methodology for how a fire investigator determines the origin of a fire. Specifically, section 17.7 of NFPA 921 requires a fire investigator "to ensure that . . . ***all credible alternative origin hypotheses have been***

*considered and eliminated*." "When using the scientific method, the failure to consider alternative hypotheses is a serious error." [Exh. 1 - NFPA 921, § 17.7.] Ferrel's testimony that he considered but could not rule out certain potential sources of ignition is an expected and fundamental part of the methodology employed by NFPA 921.

V. **THE CONCLUSORY CRITICISMS OF FERREL'S INVESTIGATION BY PLAINTIFF'S EXPERT ARE BASED ON A FAULTY INTERPRETATION OF FERREL'S FINDINGS AND TESTIMONY.**

Finally, Plaintiff attaches an affidavit signed by his expert witness, Randel Overton. In it, Overton concludes that Ferrel "did not conduct an investigation which is either scientific or systematic in accordance with" NFPA 921 based on three bald conclusions. Plaintiff's Motion, however, discusses only one of Overton's conclusory allegations: according to Plaintiff, Ferrel allegedly testified that the fire started in the den solely *because it sustained the most damage*. [*See* Dkt. 123, at 6; and Dkt. 123-4 - Overton's Affidavit at Paragraph 8(A).] Plaintiff's argument fails because he mischaracterizes Ferrel's findings and testimony.

Ferrel never testified that he concluded that the fire started in the den based only on the amount of damage in the den. In fact, Ferrel clarified at his deposition that his Report more accurately should have stated that he "could not rule out that area [*i.e.*, the den] and that love seat out" as the origin of the fire. [Exh. 7, at 20:20 - 21:2.] As Plaintiff himself points out, Ferrel agreed in his testimony that "just because of the damage [as illustrated in an exhibit photograph of the den], that does not mean that the fire definitely started in the room." [Exh. 7, at 56:14-18.] Plaintiff demands that Ferrel "identify some rational reason why the fire started in the den" but yet never asked Ferrel in his deposition to explain his finding that the den could not be ruled out. [*See* Dkt. 123, at 6.] In short, Plaintiff's and

Overton's criticism of Ferrel is based on an inaccurate portrayal of his testimony and on incorrect and self-serving assumptions of the basis for Ferrel's findings. Such a criticism is not sufficient under *Daubert* to exclude Ferrel's investigation and testimony.

WHEREFORE Defendant, General Electric Company, asks this Court to deny Plaintiff's Motion in Limine regarding Terry Ferrel. [Dkt. 123.]

Dated: April 23, 2014.

Respectfully submitted,

By   /s/ John H. Tucker_____
JOHN H. TUCKER, OBA#9110
jtucker@rhodesokla.com
KERRY R. LEWIS, OBA #16519
klewis@rhodesokla.com
RANDALL E. LONG, OBA #22216
rlong@rhodesokla.com
RHODES HIERONYMUS JONES TUCKER & GABLE
P.O. Box 21100
Tulsa, Oklahoma 74121-1100
(918) 582-1173
(918) 592-3390 Facsimile
***ATTORNEYS FOR DEFENDANT, GENERAL ELECTRIC COMPANY***

### CERTIFICATE OF SERVICE

I certify that on the 23rd day of April, 2014, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

R. Scott Williams      Rwilliams@trsvlaw.com
Taylor Ryan Schmidt Van Dalsem & Williams      law@trsvlaw.com
850 Boulder Towers
1437 South Boulder Avenue
Tulsa, OK  74119-3640
*Attorney for Plaintiff*

  /s/ John H. Tucker_____